**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jenry Rafael Villanueva Carpio,<br><br>Petitioner<br>v.<br><br>Todd Blanche, et al.,<br><br>Respondents | Case No.: 2:26-cv-02476-JAD-NJK<br><br>**Order Denying Motion for Discovery and Granting Stipulation to Extend Time**<br><br>[ECF Nos. 15, 22] |

Petitioner Jenry Rafael Villanueva Carpio was removed to El Salvador on August 18, 2026, after being ordered removed *in absentia* in January.[1] Carpio's counsel moves for discovery of Carpio's entire A-file, contending that various discrepancies indicate that he was not given notice of his removal proceedings.[2] He points out that his records reflect that he was personally served a notice to appear at his removal hearing in December 2, 2025, but the respondents produced only a mailed notice to appear dated October 23, 2025, and that notice was sent to the wrong address.[3] Carpio has also represented that he did not receive notice and was unaware he had been ordered removed until he was arrested by immigration officials in July.[4] Carpio contends that he needs the information in his A-file to determine if he was given constitutionally adequate notice of his removal, and thus whether his removal was unlawful.[5]

The government opposes Carpio's discovery motion, contending that he has failed to demonstrate how the requested documentation is relevant to his habeas claims and that this court

---

[1] ECF No. 9.

[2] ECF No. 15.

[3] *Id.* at 4.

[4] *Id.* at 5.

[5] *Id.* at 5–6.

lacks jurisdiction "to review the validity of removal orders and any action or proceedings brought to remove an alien."[6] Carpio responds that a district court can exercise jurisdiction to return him if his removal was unlawful.

I deny Carpio's motion. Even if the discovery requested were to show that Carpio was not given notice of his removal proceedings, that challenge is necessarily one to the validity of his removal order, and jurisdiction to review the validity of removal orders rests solely with a federal appeals court.[7] And the Ninth Circuit has explained that an immigration petitioner "cannot avail himself of habeas corpus jurisdiction [if] he has already been removed and therefore is no longer 'in custody.'"[8] Only under "extreme circumstances"—for example, when immigration officials "removed an immigrant 'in violation of the immigration judge's order and after interference with his right to counsel'"—may a district court exercise jurisdiction over a noncitizen who has already been removed.[9] I find that the potential document discrepancies that Carpio identifies do not create a reason to believe those extreme circumstances exist here, so this court would lack jurisdiction to decide Carpio's habeas petition or order his return even if he did not receive proper notice of his removal proceedings.

## Conclusion

IT IS THEREFORE ORDERED that the petitioner's motion for discovery **[ECF No. 15] is DENIED**.

---

[6] ECF No. 20 at 1–2.

[7] *See* 8 U.S.C. § 1252.

[8] *Miranda v. Reno*, 238 F.3d 1156, 1158 (9th Cir. 2001) (quoting 28 U.S.C. § 2241).

[9] *Id.* at 1158–59 (quoting *Singh v. Waters*, 87 F.3d 346, 349 (9th Cir. 1996)).

IT IS FURTHER ORDERED that, with good cause appearing, the parties' stipulation for an extension of time for the petitioner to file an amended habeas petition **[ECF No. 22] is GRANTED. The amended petition is due November 5, 2026.**

U.S. District Judge Jennifer A. Dorsey
October 22, 2026